UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BIODIVERSITY CONSERVATION** | : | |
| **ALLIANCE**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 04-2026 (GK) |
| | : | |
| **GALE NORTON**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Plaintiffs have brought this suit under the Endangered Species Act, 16 U.S.C. § 1553. The procedural history is rather tangled, and the parties have set it forth in some detail in their respective papers. The Motion now before the Court is the Federal Defendants' Motion to Strike Portions of Plaintiffs' Third Amended Complaint. Upon consideration of all the papers, the Court concludes that the Motion has no merit. However, from the Government's point of view, it may have proved successful. Because of this Court's obligation to conclude other pressing matters, a decision on the Motion has been delayed for five months. Perhaps that was the Government's objective. The Court reaches this distressing conclusion for the following reasons:

1.	The Government admits in its opening brief that motions to strike pleadings, pursuant to Fed. R. Civ. P. 12(f), are generally disfavored. That is absolutely correct. Moreover, as this Court has noted many times, in prior opinions, as well as comments in this case, the case law in this jurisdiction strongly supports allowing plaintiffs to include in one complaint all of the appropriate claims and issues related to the initial pleading.

Under Rule 12(f), the identified material can only be struck if it is shown to be "redundant, immaterial, impertinent, or scandalous." It is clear beyond any argument that none of those terms apply to the material that Defendants seek to strike. Federal Defendants cannot deny that the material they seek to strike in Plaintiffs' Third Amended Complaint relating to 60 new species is the precise "issue at hand" that was at the core of Plaintiffs' initial Complaint. <u>Judicial Watch v. United States Department of Commerce</u>, 224 F.R.D. 261, 263 (D.D.C. 2004). That precise "issue at hand" is the legality of the "expedited progress" finding embodied in the Candidate Notice of Review ("CNOR") issued by Defendants on May 11, 2005. In short, in the Third Amended Complaint, Plaintiffs challenge the Defendants' reliance on the finding that "expedited progress" has been made in order to invoke the "warranted but precluded" rationale and avoid the listing of candidate species. Federal Defendants admit in their Memorandum in Support of the Motion at p. 10 that Plaintiffs' challenge applies equally to all species on the candidate list. Therefore, it makes no substantive difference that Plaintiffs seek to amend their Complaint to show that the alleged unlawful finding of "expedited progress" applies to all 60 species mentioned, including the two species, the Dakota Skipper and the Parachute Penstemon, which were named in the first Complaint.

2.  Federal Defendants do not even claim that they will suffer any prejudice whatsoever from Plaintiffs being allowed to proceed with their Third Amended Complaint. Quite the contrary, if any party has suffered prejudice, it is, as noted above, the Plaintiffs because a decision on this important issue has been delayed by at least five months.

Federal Defendants admit, at p. 11 of their Memorandum, that "Plaintiffs are not precluded from bringing their claims for these other species in a different lawsuit." If, as Defendants admit, Plaintiffs are not precluded from and, therefore entitled to, file another related lawsuit raising exactly

the same issues that pertain to the Dakota Skipper and Parachute Penstemon, then it is clear that Defendants cannot claim they will suffer prejudice by including in one complaint all 60 species and thereby obtaining a legal ruling that will cover all species.

    Finally, in terms of judicial economy, to say nothing of saving additional time and money for Plaintiffs, it is clear that one lawsuit is preferable to two.[1]

May 8, 2006                                    /s/
                                                         Gladys Kessler
                                                         United States District Judge

**Copies via ECF to all counsel of record**

---

[1] Federal Defendants main argument is that Plaintiffs should not be allowed to amend their Complaint because they failed to obtain consent from opposing counsel or leave of the Court. There is no question that Plaintiffs did obtain leave of Court to file a Third Amended Complaint. At the time they obtained such leave, the Fisheries & Wildlife Service had not yet issued its CNOR; consequently, Plaintiffs could not have anticipated exactly what they wished to include in their Third Amended Complaint. This scenario does not present an instance of Plaintiffs mischaracterizing or purposely misleading Federal Defendants. At most, there was a misunderstanding between counsel about the scope of the Third Amended Complaint. What there was no misunderstanding about, was that Plaintiffs would be raising, in the Third Amended Complaint, exactly the same legal issue that they had raised initially pertaining to the Dakota Skipper and Parachute Penstemon.